

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 8, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Christian Fabre*, 13 Cr. 242

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on July 9, 2014, at 4:30 p.m. For the reasons explained below, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 41 to 51 months' imprisonment.

**Background**

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York. At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller. The Government made plea offers based on these classifications. The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug

1

weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight. Within these broad categories, the Government also considered a defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

### The Defendant's Conduct

The defendant, Christian Fabre, was a manager who also stored large amounts of both crack cocaine and heroin for the Briggs Avenue Organization, placing him in the middle-tier of defendants. As a result, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance pursuant to the current policy of the Department of Justice that such a variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, be imposed at sentencing. Because the defendant is at Guidelines offense level 23, this would result in an adjusted offense level of 21.

### The Defendant's Criminal History

As set out in the defendant's plea agreement, the defendant has two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because he "committed the instant offense while under [a] criminal justice sentence . . . ." Application Note 4 to U.S.S.G. § 4A1.1(d) provides that "[t]wo points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). Here, the relevant criminal justice sentence was a term of parole from an October 22, 2009 conviction for Criminal Possession of a Controlled Substance in the Third Degree, a Class B Felony.

Defense counsel and probation take the position that these two points should not be counted because the parties agreed that the October 22, 2009 conviction is relevant conduct, and therefore does not itself result in additional criminal history points. But the reason relevant conduct does not result in additional criminal history points is to avoid "double counting" for the same conduct; that concern is not implicated by the additional two criminal history points under §4A1.1(d) because those points are justified by "the defendant's noncompliance with supervisory authority, not the gravity of the crime which caused him to be supervised." *United States* v. *Duran*, 528 F. App'x 215, 223 (3d Cir. 2013). The rationale for the imposition of those two points is that "an individual who has in the past demonstrated a lack of respect for criminal justice supervision should be treated more severely than one who has not"; the reason the individual was under supervision is irrelevant. *Id.* Thus, it makes eminent sense that additional criminal history points be imposed because a defendant committed an offense while on parole, even if the offense which lead to the imposition of that term of parole does not result in additional criminal history points because it was imposed for relevant conduct.

Defense counsel and probation rest their argument on a misreading of the Guidelines. A "criminal justice sentence" is defined in Application Note 4 to U.S.S.G. § 4A1.1(d) as "a sentence ***countable*** under §4A1.2 . . . ." (emphasis added). Section 4A1.2 provides that "[s]entences for all prior felony offenses are counted," U.S.S.G. § 4A1.1(c), but that certain sentences are not "counted" due to, *inter alia*, when the sentence was imposed, and the type of the offense, *see, e.g.*, U.S.S.G. § 4A1.1(c) and (d). There is nothing in §4A1.2 providing that a

sentence for relevant conduct is not "countable." Rather, a conviction for conduct that is part of the instant offense is simply defined as not being a "prior sentence" under §4A1.2, *see* Application Note 1 to U.S.S.G. § 4A1.1(d), such that relevant conduct does not result in additional criminal history points under §§4A1.1(a), (b), or (c), which (in contrast to §4A1.1(d)) hinge on the imposition of a "prior sentence." In other words, sentences for relevant conduct are "countable" under §4A1.2, but they simply do not meet the definition of a "prior sentence," and so do not themselves result in additional criminal history points.

For the reasons set forth above, the Government respectfully submits that a Guidelines Sentence, with a two-level downward variance, be imposed at sentencing, which would result in a sentence of 41 to 51 months' imprisonment.

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney

By:                     */s/ Jared Lenow*
                                      Jared Lenow
                                      Assistant United States Attorney
                                      (212) 637-1068

cc:     Karloff C. Commissiong, Esq. (by email)