UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

UNITED STATES OF AMERICA

        -against-

CHRISTIAN FABRE,

        Defendant.

------------------------------------------------------------------------x

Docket No.

13 Cr. 242 (SAS)

# REPLY LETTER ON BEHALF OF
# DEFENDANT CHRISTIAN FABRE

*Attorney for Defendant*:

KARLOFF C. COMMISSIONG, ESQ.
65 Broadway, Suite 715
New York, New York 10006
(212) 430-6590

# ADAMS & COMMISSIONG LLP

### ATTORNEYS AT LAW

| | |
|---|---|
| 65 BROADWAY SUITE 715 | MARTIN E. ADAMS |
| NEW YORK, NY 10006 | KARLOFF C. COMMISSIONG |
| TEL: 212-430-6590 | ADMITTED TO PRACTICE IN NEW YORK |
| FAX: 212-981-3305 | WWW.AMCMLAW.COM |

July 8, 2014

**FILED VIA E.C.F.**

Hon. Shira M. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Christian Fabre, Docket. No. 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

This letter is submitted as a reply to the Government's sentencing memorandum dated July 8, 2014. The Defense joins the Government's motion regarding a two-level downward variance. This would place Mr. Fabre at a base offense level of 21 and Criminal History Category I, with a Guidelines level of 37-46 months.

In my sentencing letter dated July 2, 2014, I informed the Court that the Plea Agreement in this matter, incorrectly calculated Mr. Fabre's Guidelines level. The Plea Agreement calculated his Guidelines level at 51-63 months, based on a base offense level of 23 and Criminal History Category II. As explained in the letter, Mr. Fabre's correctly calculated Guidelines are 46-57 months based on Criminal History Category I and a base offense level of 23. The Government supports its calculation of the Guidelines level in the Plea Agreement, using United States v. Duran, 528 F. App'x 215 (3d Cir. 2013). However, this case is irrelevant to the present issue. The issue in Duran, was whether "the district court violated substantive due process by assessing him one criminal history point for a misdemeanor conviction, and

then assessing two additional points because [the defendant] committed the instant offense while serving probation for the misdemeanor conviction." Id. at 222.

The Court in <u>Duran</u> never addressed whether a prior conviction could be considered relevant conduct and as a prior sentence for the purpose of determining the Criminal History Category. Further, the issue was never raised by the defendant in <u>Duran</u>. However, the law in the Second Circuit is clear regarding this matter. <u>See</u> <u>also</u> <u>United States</u> v. <u>Thomas</u>, 54 F.3d 73 (2d Cir. 1995)(The Court vacated sentence and remanded when larceny convictions arising out of conduct for which defendants had been convicted, was used to calculate Criminal History Category). Mr. Fabre's correctly calculated Guidelines level, taking into account the Government's motion for a two-level downward variance, is 37-46 months, based on Criminal History Category I and a base offense level of 21.

Finally, attached to this reply letter, are two, redacted letters from Mr. Fabre's cousin and his sister, written on behalf of Mr. Fabre. The Defense reiterates our request that the Court impose a non-custodial sentence at variance with the Guidelines, of probation, based on all of the factors discussed in the letter dated July 2, 2014.

          Respectfully,

          Karloff C. Commissiong
          *Attorney for Christian Fabre*

cc:    A.U.S.A. Jared Lenow (via email)
       A.U.S.A. Jessica Masella (via email)

## Letter to defend Christian fabre

**Sent:** Friday, May 09, 2014 11:23 AM
**To:** Karloff C. Commissiong, Esq.

```
Honorable judge Shira A. Scheindlin,
This is is a letter in regards to my cousin, Christian Fabre. Christian is like a
brother to me. We been through thick and thin. I look up to him when it comes to
advice and guidance. Whenever there was a problem or something that I wasn't sure
of, he gives me advice and stays by me all the way. He's also very family oriented.
When there's an issue within the family, he steps in and helps resolve the problem.
Everyone in the family really cares and respects him. I hope this encourages you to
give my cousin another chance and allow him to be with us again. Please, don't take
him away from our family. We really miss him so much. I miss him so much. I just
want my brother back in my life. Thank you for taking your time into reading this
letter.

Sincerely,  Joel Lopez
```

Dear judge

*My name is Denny Filpo I'm writing this letter on behalf of my brother Christian Fabre* who is presently before you on criminal charges and is due to be sentenced shortly. I Denny Filpo am hard working employed mother who has plans for a better future and a better community as I keep on my leadership role in my community.

Christian Fabre has a productive future ahead of him. As a person Christian always help everyone in his neighborhood. He always helped out in my mom grocery store and provided great assistances into making it a reliable business. Leadership and becoming a more *productive member of society is the one thing I know Christian Fabre will do. While incarcerated Christian manage to get his GED High school diploma and plans to use it as one of the tools to help in his society*

I was shocked and disappointed in his behavior as he has always been a good, law abiding person. This incident is very unlike Christian character as I have known all my life. Christian *volunteers in the Catholic Church on* ▮▮▮▮▮▮▮▮▮▮ *since he was 13 year old. I believe* that it would be in the best interest of both Christian, as well as the community he resides in that he is granted probation a reduced sentence, *house arrest, or giving him a chance to go to rehab, rather than prison.*

*You honorable judge* thank you for your time in reading this. I wanted to speak from my heart and hope you will give a thought to this letter. I realize you have a huge amount of things to consider in this case.

Denny Filpo